OFFICE OF THE ATTORNEY GENERAL OF TEXAS

Austin

Gerald C. Mann
Attorney General

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:                          Opinion No. O-3734
                                   Re:  Is it legal for a trustee of
                                        an independent school district
                                        to serve as a member of the
                                        equalization board for that
                                        district?

We are in receipt of your letter in which you
request the opinion of this Department on the question set
out therein as follows:

"Is it legal for a trustee of an independent school
district to serve as a member of the equalization board
for that district?"

We assume that the school district was created
under the general law and was not created by a special act
which authorized the board of trustees to act as a board of
equalization.

We believe the question you ask was answered by the
Texarkana Court of Civil Appeals in the case of St. Louis
Southwestern Railway Company of Texas v. Naples Independent
School District, 30 S. W. (2d) 703. The court stated as
follows:

"The appellant presents the further point that the
trustees of the school board were not empowered to act as
a board of equalization of assessments and increase the
assessments. As held in Miller v. Vance, 107 Tex. 485,
180 S. W. 739, 'an independent school district whose
taxes are collected by county officials need not have
a district board of equalization.' It was later provided
by the Acts of 1923, now article 2791, R. S. 1925, as
follows:

Honorable L. R. Thompson, page 2

"'It shall be within the discretion of the board of trustees of any independent school district to name an assessor of taxes who shall assess the taxable property within the limits of the independent school district within the time and in the manner provided by existing laws, in so far as they are applicable, and when said assessment has been equalized by a board of equalization appointed by the board of trustees for that purpose, shall prepare the tax rolls of said district and shall duly sign and certify same to the county tax collector as provided for in the succeeding article.'

"In the present case the board of trustees exercised their 'discretion' to have the taxes of their district assessed by the assessor specially appointed for the purpose. As a consequence of such action, the duty then devolved upon 'the board of trustees' to appoint 'a board of equalization' for the school district. The statutory direction that taxes shall be equalized by an official board of equalization became imperative and not discretionary. 37 Cyc. 08, p. 1074. 'The right, if conferred by the law, to have an assessment reviewed,' as laid down in 1 Cooley on Taxation (3d Ed.) p. 771, 'is one of which an owner should not be denied.' Quoting, as applicable, from the case of Miller v. Vance, supra: 'Independent school districts which do not have their taxes assessed by the county assessor are clearly obliged to provide a board of equalization before which the citizen is entitled to appear and be heard upon any assessment of his property.'

"In requiring the board of equalization to be 'appointed by the board of trustees,' it cannot be supposed that the law contemplated the following action of the board of trustees: 'The school board met in regular session, with the following members present (Here follow the names of the seven trustees): and a motion was made that the school board sit as a board of equalization in 1928, and the motion was carried.'

"The statute plainly evidences the will of the Legislature to grant the power to the board of trustees to select and appoint an official board of equalization of assessments to be composed, not of themselves, but of other qualified and suitable persons. The words of the grant of authority, which alone can justify the action of the board of trustees,

571

cannot be extended by implieation or inference to include the authority to choose and appoint themselves to be the board of equalization. In this view of the statute the board of trustees were without any authority, and it was an absolutely void act, as must be legally regarded, to appoint themselves as the board of equalization of assessments. The principle is set out in 46 C. J. ◊ 43, p. 940, namely: 'It is contrary to the policy of the law for an officer to use his official appointing power to place himself in office, so that, even in the absence of statutory inhibition, all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.'"

In the above quoted case the court holds that the board of trustees of an independent school district may not appoint itself as the board of equalization. The court bases its conclusion upon the reason among others that it is contrary to the public policy for an officer to use his official appointing power to place himself in an office. This reasoning will apply with equal force to the situation here as well as in the Naples Independent School District case — where the attempt is to appoint one trustee on the board of equalization rather than where the entire board of trustees was appointed as the board of equalization.

We trust that the foregoing fully answers your inquiry.

APPROVED JUL 9 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Billy Goldberg
Assistant

BG:AMM



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

